IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 1 9 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

| | | |
|---|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE, | § § § § § | |
| Plaintiff, | § § | Case No. 09-4110 |
| v. | § § | JURY DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.L.C., AND SAMSUNG ELECTRONICS CO., LTD., | § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Industrial Technology Research Institute ("ITRI") brings this action for patent infringement against Samsung Electronics America, Inc., Samsung Telecommunications America, L.L.C., and Samsung Electronics Co., Ltd. (collectively, "Samsung") as follows:

### I. THE PARTIES

1.      Plaintiff Industrial Technology Research Institute ("ITRI") is the Republic of China, Taiwan's scientific research institution having a principal address of 195, Sec. 4, Chung Hsing Rd., Chutung, Hsinchu, Taiwan 31040, R.O.C.

2.      Upon information and belief, Samsung Electronics America, Inc. is, and at all relevant time mentioned herein was, a corporation organized under the laws of New

York, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

3.     Upon information and belief, Samsung Telecommunications America, L.L.C. is, and at all relevant times mentioned herein was, a limited liability company organized under the laws of Delaware, having a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

4.     Upon information and belief, Samsung Electronics Co., Ltd. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Korea, having its principal place of business at 1320-10, Scocho 2-dong, Seocho-gu, Seoul 137-857 Korea.  Upon information and belief, Samsung Electronics Co., Ltd. is a nonresident of Arkansas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  Samsung Electronics Co., Ltd may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Samsung Electronics America, Inc., Samsung Telecommunications America, L.L.C., and Samsung Electronics Co., Ltd will be collectively referred to as "Samsung."

## II. JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  The Court's jurisdiction is proper under the above statutes, including 35 U.S.C. § 271 et. seq., and 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over each Defendant.   Each Defendant has conducted and does conduct business within the State of Arkansas.  Each

Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of Arkansas, and the Western District of Arkansas.   Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Western District of Arkansas. These infringing products have been and continue to be purchased by consumers in the Western District of Arkansas.   Each Defendant has committed the tort of patent infringement within the State of Arkansas and, more particularly, within the Western District of Arkansas.

7.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, on information and belief, each Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including making sales and/or providing service and support for their respective customers in this district.

### III. INFRINGEMENT OF U.S. PATENT NO. 6,074,069

8.     On June 13, 2000, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,074,069, entitled "Backlight Source Device with Circular Arc Diffusion Units" (hereinafter "the '069 patent").  A true and correct copy of the '069 patent is attached hereto as Exhibit A.

9.     ITRI is the owner of all right, title, and interest in and to the '069 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

10.     The '069 patent is valid and enforceable.

11.     All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '069 patent.

12.     Samsung has been and is infringing the '069 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '069 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung netbook NP-N310-KA04US, notebook X460-41S, and HDTV UN32B6000.

13.     Samsung has been and is continuing to induce infringement of the '069 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '069 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '069 patent.     The infringing instrumentalities have no substantial non-infringing uses.

14.     Samsung had and continues to have actual knowledge of the '069 patent and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct.  Samsung's infringement of the '069 patent was and continues to be willful.

15.     As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

16.     Unless Samsung is enjoined by this Court from continuing their infringement of the '069 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

17.     ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

### IV. INFRINGEMENT OF U.S. PATENT NO. 6,164,791

18.     On December 26, 2000, the USPTO issued U.S. Patent No. 6,164,791, entitled "Backlight Source Device" (hereinafter "the '791 patent"). A true and correct copy of the '791 patent is attached hereto as Exhibit B.

19.     ITRI is the owner of all right, title, and interest in and to the '791 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

20.     The '791 patent is valid and enforceable.

21.     All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '791 patent.

22.     Samsung has been and is infringing the '791 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '791 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung netbook NP-N310-KA04US, notebook X460-41S, and HDTV UN32B6000.

23. Samsung has been and is continuing to induce infringement of the '791 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '791 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '791 patent. The infringing instrumentalities have no substantial non-infringing uses.

24. Samsung had and continues to have actual knowledge of the '791 patent and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Samsung's infringement of the '791 patent was and continues to be willful.

25. As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

26. Unless Samsung is enjoined by this Court from continuing their infringement of the '791 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

27. ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## V. INFRINGEMENT OF U.S. PATENT NO. 6,411,357

28.     On June 25, 2002, the USPTO issued U.S. Patent No. 6,411,357, entitled "Electrode Structure for a Wide Viewing Angle Liquid Crystal Display" (hereinafter "the '357 patent"). A true and correct copy of the '357 patent is attached hereto as Exhibit C.

29.     ITRI is the owner of all right, title, and interest in and to the '357 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

30.     The '357 patent is valid and enforceable.

31.     All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '357 patent.

32.     Samsung has been and is infringing the '357 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '357 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung display LN40A630M1F.

33.     Samsung has been and is continuing to induce infringement of the '357 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '357 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '357 patent.     The infringing instrumentalities have no substantial non-infringing uses.

34.     Samsung had and continues to have actual knowledge of the '357 patent and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Samsung's infringement of the '357 patent was and continues to be willful.

35.     As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

36.     Unless Samsung is enjoined by this Court from continuing their infringement of the '357 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

37.     ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## VI. INFRINGEMENT OF U.S. PATENT NO. 6,642,983

38.     On November 4, 2003, the USPTO issued U.S. Patent No. 6,642,983, entitled "Multi-Domain Liquid Crystal Display Having Concave Virtual Bump Structures" (hereinafter "the '983 patent"). A true and correct copy of the '983 patent is attached hereto as Exhibit D.

39.     ITRI is the owner of all right, title, and interest in and to the '983 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

40.     The '983 patent is valid and enforceable.

41.     All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '983 patent.

42.     Samsung has been and is infringing the '983 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '983 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung display LN40A630M1F.

43.     Samsung has been and is continuing to induce infringement of the '983 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '983 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '983 patent.     The infringing instrumentalities have no substantial non-infringing uses.

44.     As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

45.     Unless Samsung is enjoined by this Court from continuing their infringement of the '983 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

46.     ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.     The circumstances of this dispute create an exceptional case

within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## VII. INFRINGEMENT OF U.S. PATENT NO. 6,768,526

47.     On July 27, 2004, the USPTO issued U.S. Patent No. 6,768,526, entitled "Time-Sequential Color Separator and Liquid Crystal Projector Using the Same" (hereinafter "the '526 patent"). A true and correct copy of the '526 patent is attached hereto as Exhibit E.

48.     ITRI is the owner of all right, title, and interest in and to the '526 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

49.     The '526 patent is valid and enforceable.

50.     All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '526 patent.

51.     Samsung has been and is infringing the '526 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '526 patent, including but not limited to Samsung video projectors.

52.     Samsung has been and is continuing to induce infringement of the '526 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '526 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall

within the scope of one or more claims of the '526 patent.    The infringing instrumentalities have no substantial non-infringing uses.

53.    As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

54.    Unless Samsung is enjoined by this Court from continuing their infringement of the '526 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

55.    ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.    The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## VIII. INFRINGEMENT OF U.S. PATENT NO. 6,883,932

56.    On April 26, 2005, the USPTO issued U.S. Patent No. 6,883,932, entitled "Apparatus for Improving Uniformity Used in a Backlight Module" (hereinafter "the '932 patent").    A true and correct copy of the '932 patent is attached hereto as Exhibit F.

57.    ITRI is the owner of all right, title, and interest in and to the '932 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

58.    The '932 patent is valid and enforceable.

59.    All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '357 patent.

60.     Samsung has been and is infringing the '932 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '932 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung display LN40A630M1F .

61.     Samsung has been and is continuing to induce infringement of the '932 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '932 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '932 patent.     The infringing instrumentalities have no substantial non-infringing uses.

62.     Samsung had and continues to have actual knowledge of the '932 patent and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Samsung's infringement of the '932 patent was and continues to be willful.

63.     As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

64.     Unless Samsung is enjoined by this Court from continuing their infringement of the '932 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

65.     ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case

within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## IX. INFRINGEMENT OF U.S. PATENT NO. 7,125,141

66.    On October 24, 2006, the USPTO issued U.S. Patent No. 7,125,141, entitled "Apparatus for Homogeneously Distributing Lights" (hereinafter "the '141 patent"). A true and correct copy of the '141 patent is attached hereto as Exhibit G.

67.    ITRI is the owner of all right, title, and interest in and to the '141 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

68.    The '141 patent is valid and enforceable.

69.    All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '141 patent.

70.    Samsung has been and is infringing the '141 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '141 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung display LN40A630M1F.

71.    Samsung has been and is continuing to induce infringement of the '141 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '141 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall

within the scope of one or more claims of the '141 patent.   The infringing instrumentalities have no substantial non-infringing uses.

72.   Samsung had and continues to have actual knowledge of the '141 patent and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct.  Samsung's infringement of the '141 patent was and continues to be willful.

73.   As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

74.   Unless Samsung is enjoined by this Court from continuing their infringement of the '141 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

75.   ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## X. INFRINGEMENT OF U.S. PATENT NO. 7,217,010

76.   On May 15, 2007, the USPTO issued U.S. Patent No. 7,217,010, entitled "Reflector with Negative Focal Length" (hereinafter "the '010 patent").   A true and correct copy of the '010 patent is attached hereto as Exhibit H.

77.   ITRI is the owner of all right, title, and interest in and to the '010 patent by assignment, with full right to bring suit to enforce the patent, including the right to

recover for past infringement damages and the right to recover future royalties, damages, and income.

78. The '010 patent is valid and enforceable.

79. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '010 patent.

80. Samsung has been and is infringing the '010 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '010 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung netbook NP-N310-KA04US and notebook X460-41S.

81. Samsung has been and is continuing to induce infringement of the '010 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '010 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '010 patent. The infringing instrumentalities have no substantial non-infringing uses.

82. Samsung had and continues to have actual knowledge of the '010 patent and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Samsung's infringement of the '010 patent was and continues to be willful.

83. As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

84.     Unless Samsung is enjoined by this Court from continuing their infringement of the '010 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

85.     ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## XI. INFRINGEMENT OF U.S. PATENT NO. 7,250,719

86.     On July 31, 2007, the USPTO issued U.S. Patent No. 7,250,719, entitled "Organic Light Emitting Diode with Brightness Enhancer" (hereinafter "the '719 patent").  A true and correct copy of the '719 patent is attached hereto as Exhibit I.

87.     ITRI is the owner of all right, title, and interest in and to the '719 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

88.     The '719 patent is valid and enforceable.

89.     All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '719 patent.

90.     Samsung has been and is infringing the '719 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '719 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung camera TL320.

91.     Samsung has been and is continuing to induce infringement of the '719 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '719 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '719 patent.     The infringing instrumentalities have no substantial non-infringing uses.

92.     As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

93.     Unless Samsung is enjoined by this Court from continuing their infringement of the '719 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

94.     ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

### XII. INFRINGEMENT OF U.S. PATENT NO. 7,270,457

95.     On September 18, 2007, the USPTO issued U.S. Patent No. 7,270,457, entitled "Light Source Device and Projector Using the Same" (hereinafter "the '457 patent"). A true and correct copy of the '457 patent is attached hereto as Exhibit J.

96.     ITRI is the owner of all right, title, and interest in and to the '457 patent by assignment, with full right to bring suit to enforce the patent, including the right to

recover for past infringement damages and the right to recover future royalties, damages, and income.

97.   The '457 patent is valid and enforceable.

98.   All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '457 patent.

99.   Samsung has been and is infringing the '457 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '457 patent, including but not limited to Samsung video projectors.

100.   Samsung has been and is continuing to induce infringement of the '457 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '457 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '457 patent.   The infringing instrumentalities have no substantial non-infringing uses.

101.   As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

102.   Unless Samsung is enjoined by this Court from continuing their infringement of the '457 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

103.   ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.   The circumstances of this dispute create an exceptional case

within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## XIII. INFRINGEMENT OF U.S. PATENT NO. 7,339,197

104.    On March 4, 2008, the USPTO issued U.S. Patent No. 7,339,197, entitled "Light Emitting Diode and Fabrication Method Thereof" (hereinafter "the '197 patent"). A true and correct copy of the '197 patent is attached hereto as Exhibit K.

105.    ITRI is the owner of all right, title, and interest in and to the '197 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

106.    The '197 patent is valid and enforceable.

107.    All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '197 patent.

108.    Samsung has been and is infringing the '197 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '197 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung netbook NP-N310-KA04US and notebook X460-41S.

109.    Samsung has been and is continuing to induce infringement of the '197 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '197 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall

within the scope of one or more claims of the '197 patent. The infringing instrumentalities have no substantial non-infringing uses.

110.   Samsung had and continues to have actual knowledge of the '197 patent and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Samsung's infringement of the '197 patent was and continues to be willful.

111.   As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

112.   Unless Samsung is enjoined by this Court from continuing their infringement of the '197 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

113.   ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

### XIV. INFRINGEMENT OF U.S. PATENT NO. 7,387,858

114.   On June 17, 2008, the USPTO issued U.S. Patent No. 7,387,858, entitled "Reflective Display Based on Liquid Crystal Materials" (hereinafter "the '858 patent"). A true and correct copy of the '858 patent is attached hereto as Exhibit L.

115.   ITRI is the owner of all right, title, and interest in and to the '858 patent by assignment, with full right to bring suit to enforce the patent, including the right to

recover for past infringement damages and the right to recover future royalties, damages, and income.

116.    The '858 patent is valid and enforceable.

117.    All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '858 patent.

118.    Samsung has been and is infringing the '858 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '858 patent, including but not limited to Samsung products bearing flat panel displays such as the Samsung mobile telephone Alias 2.

119.    Samsung has been and is continuing to induce infringement of the '858 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '858 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '858 patent.    The infringing instrumentalities have no substantial non-infringing uses.

120.    As a direct and proximate result of Samsung's acts of patent infringement, ITRI has been and continues to be injured and has sustained and will continue to sustain substantial damages.

121.    Unless Samsung is enjoined by this Court from continuing their infringement of the '858 patent, ITRI will suffer additional irreparable harm and impairment of the value of its patent rights.

122.   ITRI has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and ITRI is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## XV. PRAYER FOR RELIEF

ITRI prays for the following relief:

A.   A judgment that each Defendant has infringed and continues to infringe each of the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of such patents;

B.   A judgment for an accounting of all damages sustained by ITRI as a result of the acts of infringement by each Defendant;

C.   A judgment and order requiring each Defendant to pay ITRI damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed, and any royalties determined to be appropriate;

D.   A judgment and order requiring each Defendant to pay ITRI pre-judgment and post-judgment interest on the damages awarded;

E.   A judgment and order finding this to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

F.   A preliminary and thereafter a permanent injunction against each Defendant's direct infringement, active inducements of infringement, and/or contributory

infringement of each of the patents-in-suit as alleged herein, as well as against each Defendant's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them; and

G.    Such other and further relief as the Court deems just and equitable.

## XVI. JURY DEMAND

ITRI hereby demands that all issues be determined by jury.

Dated: October 19, 2009

Respectfully submitted,

By: _____

Richard A. Adams
Bar No. 97036
Phillip N. Cockrell
Bar No. 79154
Corey D. McGaha
Bar No. 2003047
**PATTON ROBERTS PLLC**
2900 St. Michael Dr., Suite 400
P.O. Box 6128
Texarkana, Texas 75503
Phone: 903-334-7000
Fax:  903-334-7007

Michael W. Shore
Texas Bar No. 18294915
Admitted in Western District of Arkansas
Alfonso Garcia Chan
Texas Bar No. 24012408
Admitted in Western District of Arkansas
**SHORE CHAN BRAGALONE LLP**
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9110 Telephone
214-593-9111 Facsimile

Attorneys for Plaintiff
**INDUSTRIAL TECHNOLOGY
RESEARCH INSTITUTE**